IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRAVIS RONALD BEARD II | § | |
| | § | |
| V. | § | A-19-CV-710-RP |
| | § | |
| PAROLE OFFICER RAY RODRIGUEZ | § | |
| and TRAVIS JACKSON | § | |

## ORDER

Before the Court are Plaintiff's amended complaint and more definite statement. (ECF No. 13, 15). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis. (ECF No. 9). After consideration of Plaintiff's amended complaint and more definite statement, Plaintiff's complaint is dismissed.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the East Texas Treatment Facility. Plaintiff filed a complaint in the Eastern District of Texas complaining about the medical treatment he was receiving in the East Texas Treatment Facility and events that occurred previously at the Austin Transitional Center (ATC). The United States District Court for the Eastern District of Texas severed Plaintiff's claims relating to the ATC and transferred those claims to this Court. After the case was transferred, Plaintiff filed an amended complaint. The Court subsequently ordered Plaintiff to file a more definite statement.

According to Plaintiff, he arrived at the ATC on March 18, 2018 and was processed into the facility at approximately 11:00 p.m. Plaintiff alleges ATC Supervisor Travis Jackson allowed ATC staff to assign Plaintiff to a top bunk even though he was supposed to be restricted to a bottom bunk.

1

In his more definite statement he admits he has no knowledge whether Defendant Jackson was aware Plaintiff had been assigned to a top bunk in violation of a lower-bunk restriction. Plaintiff contends he was previously confined in the ATC and had a lower-bunk assignment. However, on the night he was processed he acknowledges there was no paperwork indicating to the staff that he was bottom-bunk restricted.

Plaintiff asserts on March 25, 2018, he had a seizure, fell off the top bunk and fractured two vertebrae. Plaintiff claims he was initially denied medical treatment but was later taken by ambulance to the hospital.

Plaintiff absconded from ATC and was homeless until he was arrested on a parole violation in 2019. Plaintiff explains, due to chest pains, Plaintiff sought treatment at the Dell Seton Hospital on March 22, 2019. After he was released from the hospital, Plaintiff states he requested the security guard to check to see if there were any warrants for Plaintiff's arrest. Plaintiff was advised there were not. The following day, Plaintiff was arrested on a blue warrant for a parole violation.

Plaintiff states he requested his parole officer to reinstate his parole, so he could make proper arrangements to be treated at the VA Hospital in Temple, Texas. Despite his request, Plaintiff asserts Parole Officer Ray Rodriguez recommended that Plaintiff be housed in a substance abuse felony punishment facility for nine months. Plaintiff was continued on parole without being revoked and was transferred to the East Texas Treatment Facility. Plaintiff will complete his treatment on March 11, 2020, and will be released to a halfway house in Bryan, Texas.

Plaintiff alleges Rodriguez knew Plaintiff qualified for a two-month substance-abuse facility at the VA Hospital in Temple. Plaintiff contends at the VA Hospital he could receive medical care for his various ailments in addition to participate in a drug treatment program. Plaintiff complains

the East Texas Treatment Facility does not provide medical treatment for all of his conditions. Plaintiff asks to be paroled to the VA Hospital in Temple where he can receive medical treatment. He also seeks $750,000 in damages.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a

3

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

### B. Eleventh Amendment Immunity

Being sued in his official capacity for monetary damages, Defendant Ray Rodriguez is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

### C. Absolute Immunity

Parole Officer Ray Rodriguez is protected from Plaintiff's claims brought against him in his individual capacity for monetary damages by the doctrine of absolute immunity. Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995).

D.  Habeas Claims

To the extent Plaintiff seeks his release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. If Plaintiff did not intend for this action to be an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, any subsequently filed applications could be subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786 (2003). Additionally, Plaintiff makes no allegations suggesting he has exhausted his state court remedies.

E.  Negligence

Plaintiff admits in his more definite statement that Defendant Jackson was not personally involved in Plaintiff's assignment to a top bunk. Instead, Plaintiff claims a staff member assigned him to a top bunk, because there were no lower bunks available or medical staff working when Plaintiff was processed into the facility at 11:00 p.m. on March 18, 2018. Plaintiff states "it appeared there was no medical records or paperwork to indicate plaintiff was bottom bunk restricted." Plaintiff alleges he notified a person administering medication the following morning that he was supposed to be restricted to a bottom bunk, but the person appeared to be unconcerned. Plaintiff is unsure whether Defendant Jackson was the supervisor of the person, who initially assigned him to a top bunk. Plaintiff is also not aware whether Defendant Jackson knew Plaintiff had been assigned a top bunk in violation of a lower-bunk restriction.

Even if Plaintiff had named the person responsible for assigning him to a top bunk, at most, Plaintiff's claims amount to negligence. A plaintiff may maintain a civil rights suit only if he can show an abuse of government power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986); *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019 (1981). The Supreme Court has held that many acts that might constitute a violation of state tort law do not amount to constitutional violations. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). *See also, Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). It is well settled that negligence on the part of jail officials does not give rise to civil rights claims. *Daniels v. Williams*, 474 U.S. 327 (1986); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988). To the extent Plaintiff wishes to sue for negligence he must file his lawsuit in state court.

CONCLUSION

Plaintiff's claims for monetary damages against Defendant Ray Rodriguez in his official capacity are barred by Eleventh Amendment immunity. Plaintiff's claims for monetary damages against Defendant Ray Rodriguez in his individual capacity are barred by absolute immunity. Plaintiff's claims against Defendant Jackson or regarding his top-bunk assignment are at most negligence claims and are not cognizable in this § 1983 lawsuit. Finally, to the extent Plaintiff seeks his release to parole he must request such relief in an application for habeas corpus relief after he has exhausted his state court remedies.

It is therefore **ORDERED** that Plaintiff's claims for monetary damages against Defendant Rodriguez in his official capacity be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, Plaintiff's claims for monetary damages against Defendant Rodriguez in his individual

capacity and Defendant Jackson be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e), and Plaintiff's claims seeking habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** to filing an application for habeas corpus relief after he has exhausted his state court remedies. Any pending motions are **DISMISSED AS MOOT**.

Plaintiff is warned that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

Plaintiff is also warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of this Order and the Court's Judgment to the keeper of the three-strikes list.

**SIGNED** on March 13, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE